# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-1117** (Mercer County 15-F-131)

**Joshua McCoy,**
**Defendant Below, Petitioner**

**FILED**

**January 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joshua McCoy, by counsel Joseph T. Harvey, appeals the Circuit Court of Mercer County's September 8, 2015, order that sentenced him to a term of incarceration of one to five years for his conviction of unlawful wounding, but suspended the sentence in favor of placement at the Anthony Correctional Center for a period of six months to two years. The State, by counsel Zachary Aaron Vigilanco, filed a response and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying his motion for judgment of acquittal because the evidence established that he acted in self-defense.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, petitioner visited the home of Brandon Browning. While in the home, petitioner attempted to sell a handgun he had in his possession to Mr. Browning and others present in the home, including Timothy Fields, who was drinking alcohol at the time. Ultimately, no one purchased the handgun. At some point, Mr. Browning needed to leave the home, so both petitioner and Mr. Fields also left. Petitioner then went to other nearby homes in an attempt to sell his handgun. Mr. Fields remained outside Mr. Browning's home awaiting his return.

Approximately one hour later, petitioner approached Mr. Fields and asked to purchase marijuana from him. Mr. Fields agreed and provided petitioner with marijuana. The two then continued talking, with Mr. Fields eventually recognizing that petitioner failed to pay him for the marijuana. After Mr. Fields asked for payment, petitioner indicated that he had already paid. According to Mr. Fields, petitioner initiated an argument over the payment, so Mr. Fields indicated that he would fight petitioner if payment was not received. After petitioner again refused, Mr. Fields told petitioner to "square up" and approached petitioner with his fists clenched. Petitioner then aimed his handgun at Mr. Fields, who told petitioner he would have to shoot him. Petitioner then shot Mr. Fields once in the leg, which did not deter Mr. Fields from

1

moving forward. Petitioner then shot Mr. Fields in the abdomen, which caused him to collapse. Petitioner fired a third shot as Mr. Fields was falling, but it failed to strike Mr. Fields. Petitioner was later arrested and admitted to having shot Mr. Fields. Thereafter, petitioner was charged, upon his request, by information with the following three counts: first-degree robbery; malicious wounding; and assault during the commission of a felony.

Petitioner's jury trial commenced in July of 2015 and lasted one day. Upon a motion for directed verdict, the circuit court dismissed the count of first-degree robbery because Mr. Fields voluntarily gave petitioner the marijuana. Moreover, the circuit court dismissed the count of assault during the commission of a felony because that charge was predicated upon a robbery. Accordingly, the circuit court presented only the charge of malicious wounding to the jury, along with an instruction on self-defense. After deliberation, the jury convicted petitioner of the lesser-included offense of unlawful wounding. The circuit court then imposed a sentence of one to five years for petitioner's conviction, but suspended the sentence in favor of placement at the Anthony Correctional Center for a period of six months to two years. It is from the circuit court's sentencing order that petitioner appeals.

We have previously held as follows:

> "In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Syl. Pt. 1, *State v. Blevins*, 231 W.Va. 135, 744 S.E.2d 245 (2013). On appeal, petitioner argues that the circuit court erred in denying his motion for judgment of acquittal because the State did not establish his guilt beyond a reasonable doubt. Specifically, petitioner argues that he was entitled to acquittal because he acted in self-defense. In addressing motions for judgment of acquittal, we have stated that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 711 S.E.2d 562 (2011) (citing *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). As to challenges to the sufficiency of the evidence, this Court has further explained that

> "[t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syllabus point 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

2

Syl. Pt. 3, *State v. Horn*, 232 W.Va. 32, 750 S.E.2d 248 (2013). Specifically, petitioner argues that the evidence established that he did not commit unlawful wounding because he acted in self-defense. The Court, however, does not agree.

Pursuant to West Virginia Code § 61-2-9(a),

If any person maliciously shoot, stab, cut or wound any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she shall, except where it is otherwise provided, be guilty of a felony and, upon conviction, shall be punished by confinement in a state correctional facility not less than two nor more than ten years. If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender is guilty of a felony and, upon conviction, shall either be in a state correctional facility not less than one nor more than five years, or be confined in jail not exceeding twelve months and fined not exceeding $500.

Petitioner does not challenge the sufficiency of the State's evidence in regard to the elements of unlawful wounding. Instead, petitioner claims only that he acted in self-defense and, accordingly, was entitled to acquittal. Petitioner's argument, however, ignores the fact that the jury clearly found that his use of force was not justified under the circumstances.

In discussing self-defense, we have held as follows:

"The amount of force that can be used in self-defense is that normally one can return deadly force only if he reasonably believes that the assailant is about to inflict death or serious bodily harm; otherwise, where he is threatened only with non-deadly force, he may use only non-deadly force in return." Syl. pt. 1, *State v. Baker*, 177 W.Va. 769, 356 S.E.2d 862 (1987).

Syl. Pt. 6, *State ex rel. Adkins v. Dingus*, 232 W.Va. 677, 753 S.E.2d 634 (2013). Moreover, this Court has established that "our precedent establishes that the 'reasonableness' of a defendant's belief that he or she was at 'imminent' risk of death or serious bodily injury is a two-part inquiry, with a subjective component and an objective component." *State v. Harden*, 223 W.Va. 796, 802-03, 679 S.E.2d 628, 634-35 (2009). As such, the Court has set forth the following:

In determining whether the circumstances formed a reasonable basis for the defendant to believe that he or she was at imminent risk of serious bodily injury or death at the hands of the decedent, the inquiry is two-fold. First, the defendant's belief must be subjectively reasonable, which is to say that the defendant actually believed, based upon all the circumstances perceived by him or her at the time deadly force was used, that such force was necessary to prevent death or serious bodily injury. Second, the defendant's belief must be objectively reasonable when considering all of the circumstances surrounding the defendant's use of deadly force, which is to say that another person, similarly situated, could have reasonably formed the same belief.

*Id.* at 798, 679 S.E.2d at 630, Syl. Pt. 3, in part.

On appeal to this Court, petitioner argues that he subjectively believed that the force he used to resist Mr. Fields, namely a firearm, was necessary to prevent serious bodily injury or death because he had recently been the victim of a home invasion that left him badly beaten and, according to his brief, "in no physical condition to fight . . . ." As such, the evidence shows that petitioner actually believed he was at risk of serious bodily injury or death. However, the Court finds that petitioner cannot establish that this belief was objectively reasonable, given the specific circumstances of the case.

Upon our review of the record on appeal, it is clear that it was unreasonable, under an objective analysis, for petitioner to use deadly force in response to Mr. Fields. There is no evidence in the record that Mr. Fields sought to inflict deadly force on petitioner. To the contrary, Mr. Fields testified that he was unarmed when he approached petitioner and told petitioner that he intended to fight him over the nonpayment. Simply put, petitioner's use of deadly force was objectively unreasonable under these circumstances, as Mr. Fields clearly intended to engage petitioner physically to obtain payment for the drugs in question and did not present a threat of deadly force or serious bodily injury. As such, it is clear that the jury was free to find that petitioner's use of deadly force was unreasonable under the circumstances.

Moreover,

[w]hen there is a quarrel between two or more persons and both or all are in fault, and a combat as a result of such quarrel takes place and death ensues as a result; in order to [successfully support a theory of] self-defense, [it] must appear from the evidence and circumstances in the case . . . that before the mortal shot was fired the person firing the shot declined further combat, and retreated as far as he could with safety . . . .

Syl. Pt. 1, in part, *State v. Knotts*, 187 W.Va. 795, 421 S.E.2d 917 (1992) (quoting Syl. Pt. 6, in part, *State v. Foley*, 131 W.Va. 326, 47 S.E.2d 40 (1948)). Although that holding concerns specific circumstances involving a death as a result of the use of deadly force in self-defense, it remains illustrative of petitioner's case in that petitioner had a duty to retreat from the altercation. According to Mr. Field's testimony, petitioner instigated the argument over payment between the two. As such, it is clear that petitioner was, at least in part, at fault for the quarrel between he and Mr. Fields that resulted in combat and that he shot Mr. Fields as a result of that combat. As such, petitioner had a duty to retreat before firing upon Mr. Fields.

The record on appeal, however, is devoid of any evidence indicating petitioner attempted to retreat. According to Mr. Fields, once he approached petitioner with his fists clenched, petitioner immediately aimed the handgun at him. Not until petitioner struck Mr. Fields with the first shot did he move away from Mr. Fields, and even then he took only one step back and immediately fired a second and third shot at Mr. Fields. Therefore, it is clear that petitioner not only used an unreasonable amount of force in response to Mr. Fields, but he similarly failed to retreat before utilizing force. For these reasons, we find no error in the circuit court's denial of petitioner's motion for judgment of acquittal.

For the foregoing reasons, the circuit court's September 8, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: January 9, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker